UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK RICKARD PARKER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES PROBATION OFFICE; UNITED STATES PROBATION OFFICER MIMI MANZANO; SUPERVISORY OFFICER CHRISTOPHER J. MARCO; SUPERVISORY PROBATION OFFICER YMELDA VALENZUELA; JOHN DOES # 1-10, ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-1373-DMS-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　This matter comes before the Court on Defendants' motion to dismiss. The Court grants the motion and dismisses the complaint without leave to amend.

## I.

## BACKGROUND

　　　On July 30, 2021, Plaintiff Derek Richard Parker, proceeding *pro se*, filed a complaint alleging various violations of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (ECF No. 1.) Plaintiff alleges that the United States Probation Office and three Federal Probation Officers violated FOIA when they failed to provide him with a requested

1

copy of a Probation Office policy regarding the possession of firearms in a residence occupied by a person on supervised release. (*Id.*) Defendants filed a motion to dismiss the complaint on August 31, 2021. (ECF No. 3.) Plaintiff filed an opposition on September 16, 2021, in which he also requests leave to amend the complaint. (ECF No. 5.) On September 24, 2021, Defendants filed a reply. (ECF No. 6.) The matter is fully briefed and submitted.

## II.

## DISCUSSION

Defendants argue Plaintiff's claims must be dismissed because none of the Defendants qualify as "agencies" under FOIA. (ECF No. 3 at 2.) "FOIA requires governmental 'agencies' to make 'agency records' available to any person for a nominal charge. . . ." *Warth v. Dep't of Justice*, 595 F.2d 521, 522 (9th Cir. 1979) (quoting 5 U.S.C. § 552(a)(3), (4)(A)–(B)). However, "the definition of the term 'agency' expressly exempts 'the courts of the United States' from the Act's operation." *Id.* (citing 5 U.S.C. § 551(1)(B)). The United States Probation Office is an arm of the federal courts. *United States v. Inserra*, 34 F.3d 83, 88 (2d Cir. 1994) (since "[t]he United States Probation Office is established pursuant to the direction of Congress as an arm of the United States District Court[,] . . . it is reasonable to view the United States Probation Office itself as a legally constituted arm of the judicial branch."). FOIA's judicial exemption therefore applies to probation offices. *Hoffman v. Congdon*, No. 1:20-cv-00492-DCN, 2020 WL 7061746, at *2 (D. Idaho Dec. 2, 2020) (holding FOIA's judicial exemption "extends to United States probation offices because they are an arm of the federal courts"); *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) (adopting the conclusion that "a United States probation office is not subject to the FOIA's disclosure requirement because it is an arm of the federal courts"). Here, Plaintiff brings a FOIA action against the United States Probation Office and three probation officers. These Defendants fall within the judicial exemption to FOIA. Accordingly, Plaintiff's complaint must be dismissed. *See Hoffman*,

2020 WL 7061746, at *2 ("FOIA requests directed to federal courts or their probation offices cannot be maintained as legal actions").

Plaintiff also requests leave to amend the complaint to bring a civil rights claim. (ECF No. 5 at 4–5.) However, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardener v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citation omitted); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Amendment as to Plaintiff's FOIA claims would be futile because Defendants are exempt from FOIA's requirements. Further, Plaintiff has no viable alternative cause of action. Civil rights actions against individual federal employees arise under an implied right of action that was first recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, the Supreme Court has subsequently emphasized that it has only recognized the availability of *Bivens* actions in three contexts: (1) unlawful searches and seizures in violation of the Fourth Amendment, (2) discrimination in violation of the Fifth Amendment's Due Process Clause, and (3) cruel and unusual punishment in violation of the Eighth Amendment. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854–55 (2017) (citations omitted). None of these issues is implicated by the facts alleged in Plaintiff's complaint. In deference to the Supreme Court's observation that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *id.* at 1857 (citation omitted), the Court finds that amendment would be futile in this case and denies leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# III.

# CONCLUSION AND ORDER

For these reasons, Plaintiff's complaint is dismissed without leave to amend. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: November 5, 2021

Hon. Dana M. Sabraw
United States Chief District Judge